**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 13-cv-2092-WJM-KMT

JERYD CALER,

      Plaintiff,

v.

B. KEEGAN, in his individual and official capacity, and
P. GONZALEZ, in his individual and official capacity,

      Defendants.

---

**ORDER OVERRULING PLAINTIFF'S OBJECTION, ADOPTING THE DECEMBER 4,
2013 RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE, AND
GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S CLAIMS**

---

Plaintiff Jeryd Caler brings this case *pro se* against Defendants B. Keegan

("Keegan") and P. Gonzalez ("Gonzalez") (together, "Defendants") in their individual and

official capacities.  Plaintiff brings claims for violations of his First, Fourth, Fifth, and

Fourteenth Amendment rights under 42 U.S.C. § 1983 ("Section 1983"), as well as two

state law claims for negligence and intentional infliction of emotional distress.  This

matter is before the Court on the December 4, 2013 Recommendation by U.S.

Magistrate Judge Kathleen M. Tafoya (ECF No. 18) (the "Recommendation") that

Defendants' Motion to Dismiss (the "Motion to Dismiss") (ECF No. 6) be granted.  The

Recommendation is incorporated herein by reference.  *See* 28 U.S.C. § 636(b)(1)(B);

Fed. R. Civ. P. 72(b).  For the reasons set forth below, the Recommendation is adopted

in its entirety and the Motion to Dismiss is granted.

## I.  BACKGROUND

Keegan is a Deputy Sheriff for the Archuleta County Sheriff's Department (the "Sheriff's Department").  (Compl. (ECF No. 1) ¶ 4.)  Gonzales is the Archuleta County Sheriff.  (*Id.* ¶ 5.)  Keegan began working for the Sheriff's Department on February 10, 2012, and was sworn in as a "Certified Reserve Deputy Sheriff" with the power and authority to act as a peace officer.  (ECF No. 1-1 at 20-21.)  The oath of office was dated incorrectly, so Keegan signed an amended oath of office a few days later (the "Amended Oath").  (*Id.* at 20.)  It was later determined that the Amended Oath contained an incorrect template which stated "Appointment of Non-Certified Limited Power Special Duty with Oath" instead of "Appointment of Deputy with Oath."  (*Id.* at 21.)

On or about 9:30 p.m., on July 8, 2012, Keegan pulled Plaintiff over while Plaintiff was traveling to work in his automobile.  (Compl. ¶¶ 6, 9.)  Plaintiff's Complaint states that Keegan did not have "any probable cause for the stop" because Plaintiff had not "committed a crime nor had he demonstrated any action for any reasonable person to believe [he] was about to commit a crime."  (*Id.* ¶¶ 7, 10.)

Keegan approached Plaintiff's driver side window and demanded to see Plaintiff's license, registration, and proof of insurance.  (Compl. ¶ 10.)  Plaintiff complied.  (*Id.*)  Keegan then issued Plaintiff a traffic citation, a copy of which was attached to Plaintiff's Complaint.  (*Id.*; ECF No. 1-1 p. 35.)  The citation states that Plaintiff was stopped for speeding.  (ECF No. 1-1 p. 35.)

On October 11, 2012, Plaintiff appeared in Archuleta County Court for arraignment on the charge underlying the traffic stop and "challenged the court regarding subject matter jurisdiction."  (Compl. ¶ 12.)  Plaintiff contended that there "was no affidavit from a

2

competent first hand material witness attesting to the fact that [Plaintiff] had committed or was about to commit a crime." (*Id.*)  Plaintiff also contended that, due to the Amended Oath's incorrect template, Keegan "had not been sworn in under Oath as a deputy sheriff and had been acting as an imposter policy deputy sheriff officer[.]"  (ECF No. 1-1 at 4.) Keegan later requested that the Archuleta County Court case be dismissed.  (*Id.* at 2.) The Court dismissed the case on October 25, 2012.  (Compl. ¶ 20.)

On August 6, 2013, Plaintiff filed this action against Defendants in their individual and official capacities.  (Compl. at 1.)  Plaintiff asserts six claims for relief: (1) a Section 1983 claim for "deterring, suppressing, or breaching freedom of speech"; (2) a Section 1983 claim for "unreasonable seizure of Plaintiff's person"; (3) a Section 1983 claim for "unreasonable seizure of Plaintiff's effects"; (4) a Section 1983 claim for "unreasonable search of Plaintiff's effects"; (5) negligence; and (6) "intentional infliction of emotional and mental distress."  (*Id.* ¶¶ 23-41.)

On September 3, 2013, Defendants filed the Motion to Dismiss.  (ECF No. 6.) Plaintiff filed a Motion to Strike the Motion to Dismiss on September 26, 2013.  (ECF No. 11.)  Magistrate Judge Tafoya denied the Motion to Strike, stating that the Motion to Strike should be treated as a response in opposition to the Motion to Dismiss.  (ECF No. 13.)  Defendants filed their Reply on October 10, 2013.  (ECF No. 14.)

On December 4, 2013, Magistrate Judge Tafoya issued her Recommendation that Defendants' Motion to Dismiss be granted.  (ECF No. 18.)  On December 16, 2013, Plaintiff filed an Objection to the Recommendation (the "Objection")  (ECF No. 19), to which Defendants filed a Response (ECF No. 20).

## II.  LEGAL STANDARD

When a magistrate judge issues a recommendation on a dispositive matter,

Federal Rule of Civil Procedure 72(b)(3) requires that the district court judge "determine

de novo any part of the magistrate judge's [recommendation] that has been properly

objected to."  Fed. R. Civ. P. 72(b)(3).  In the absence of a timely and specific objection,

"the district court may review a magistrate . . . [judge's] report under any standard it

deems appropriate."  *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing

*Thomas v. Arn*, 474 U.S. 140, 150 (1985)); *see also* Fed. R. Civ. P. 72 Advisory

Committee's Note ("When no timely objection is filed, the court need only satisfy itself

that there is no clear error on the face of the record.").  In conducting its review, "[t]he

district court judge may accept, reject, or modify the [recommendation]; receive further

evidence; or return the matter to the magistrate judge with instructions."  *Id.*

In addition, Plaintiff is proceeding *pro se*; thus, the Court must liberally construe

his pleadings.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  The Court, however,

cannot act as advocate for Plaintiff, who must still comply with the fundamental

requirements of the Federal Rules of Civil Procedure.  *See Hall v. Bellmon*, 935 F.2d

1106, 1110 (10th Cir. 1991).

## III.  ANALYSIS

The Magistrate Judge's Recommendation contains the following findings and

conclusions: (1) Plaintiff's claims against Gonzales in his individual capacity should be

dismissed because Plaintiff has not alleged that Gonzales personally participated in the

alleged constitutional violations; (2) Plaintiff's cause of action under the First

Amendment should be dismissed because the Complaint does not allege that Plaintiff

was engaged in constitutionally protected speech; (3) Plaintiff's causes of action under the Fourth Amendment should be dismissed because Keegan is entitled to qualified immunity; (4) Plaintiff's official capacity claims should be dismissed because Plaintiff has failed to state a claim for violations of his constitutional rights; and (5) the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims. (ECF No. 6 at 9-17.)[1]  Of these findings and conclusions, Plaintiff objects only to the third, which recommends dismissing Plaintiff's Fourth Amendment causes of action because Keegan is entitled to qualified immunity.[2]  (*See* ECF No. 19 at 2.)

As to the third Recommendation, Plaintiff does not object to the Magistrate Judge's findings that Plaintiff has not sufficiently alleged a violation of his Fourth Amendment rights.  (Rec. at 13-16.)  Instead, Plaintiff's Objection is based on his argument that Keegan was not acting under the color of law and cannot claim qualified immunity because he had not been properly sworn in as Deputy Sheriff at the time of the July 8, 2012 traffic stop.  (ECF No. 19 at 2.)  Plaintiff's Objection reiterates the same arguments contained in his response to the Motion to Dismiss, which Magistrate Judge Tafoya explicitly considered and rejected in the Recommendation.

In the Recommendation, Magistrate Judge Tafoya found that *even if* Keegan's

---

[1] The Recommendation notes that Plaintiff's Complaint references Fifth Amendment violations.  (Rec. at 5.)  The Recommendation correctly states that "because Defendants are state actors, the Fifth Amendment is inapplicable."  (*Id.* (citing *Parsini v. Colo. State. Hosp.*, 1993 WL 118860, at *1 (10th Cir. Apr. 15, 1993) ("State actors are subject to the due process clause of the Fourteenth Amendment, not the Fifth Amendment.").)

[2]  The Objection also states that "Gonzales[,] who oversaw and allowed Keegan to act as an imposter Deputy Sheriff, has breached his oath of office" and because of his negligent supervision "all other defenses become moot."  (ECF No. 19 at 3.)  This statement, however, is not responsive to any of the findings in the Recommendation and, therefore, need not be addressed by this Court.

oath of office was deficient, "that fact does not abrogate or otherwise impact Defendant Keegan's entitlement to qualified immunity." (Rec. at 12.)  The Court has reviewed this issue *de novo* and agrees.  "[A] public official's failure to take a required oath of office does not abrogate immunity to which the official is otherwise entitled." *Jurich v. Campbell*, 2014 WL 109489, at *2 (E.D. Mich. Jan. 13, 2014); *see also Conklin v. Anthou*, 495 F. App'x 257, 264 (3d Cir. 2012) (failure to take a prerequisite oath of office does not abrogate claims of immunity).  Therefore, Plaintiff's objection is overruled.

The Court has reviewed the record and agrees with the Magistrate Judge's analysis as to the first, second, fourth, and fifth findings in the Recommendation regarding Plaintiff's claims.  The Court also agrees with the Magistrate Judge's findings that Plaintiff has failed to sufficiently allege a violation of his Fourth Amendment rights. Neither party objects to these findings and conclusions, and the Court finds no clear error.  *See Summers*, 927 F.2d at 1167; Fed. R. Civ. P. 72 Advisory Committee's Note. Accordingly, the Court finds that the Recommendation is well-reasoned and thorough, and the Court agrees with the findings and conclusions made therein.

## IV.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1.    The Recommendation of the Untied States Magistrate Judge (ECF No. 18), filed December 4, 2013, is ADOPTED IN FULL;

2.    Plaintiff's Objection to the Magistrate Judge's Recommendation (ECF No. 19) is OVERRULED;

3.    Defendants' Motion to Dismiss (ECF No. 6) is GRANTED;

4.    Plaintiff's claims are DISMISSED WITH PREJUDICE; and

5.      The Clerk shall enter judgment and close the case.  Each party shall bear

his or her own attorney's fees and costs.


Dated this 9th day of April, 2014.

BY THE COURT:

William J. Martínez
United States District Judge